UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 13- 80153-CR-Rystamp/Hopkins

UNITED STATES OF AMERICA

      Plaintiff,

vs.

TIMOTHY P. McCABE,

      Defendant.

FILED by _____ D.C.

OCT 1 0 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

/

## PLEA AGREEMENT

The United States of America and TIMOTHY P. McCABE, (hereinafter referred to as the "defendant") enter into the following agreement:

1.     The defendant agrees to plead guilty to counts one through five of an information which charges the defendant with committing fraud on mortgage lending businesses and a federal credit union insured by the National Credit Union Share Insurance Fund, in violation of Title 18, United States Code, Section 1344, in relation to moneys obtained as a result of mortgage money received from: Quicken Loans Inc. for property located at 131 Driftwood Circle, Atlantis, Florida; Waterstone Mortgage Corporation for property located at 2454 Henrietta Ct, Lantana, Florida; IBM Southeast Employees Federal Credit Union for property located at 6840 Eastview Drive, Lantana, Florida; Waterstone Mortgage Corporation for property located at 6764 Silver Ridge Lane, Greenacres, Florida; and to Coldwell Banker Home Loans for property located at 1534 Windship Circle, Wellington, Florida. The United States and the defendant agree

*United States v. Timothy P. McCabe*
*Case No. 13-80153-CR-RYSKAMP/HOPKINS*
*Plea Agreement*

that this plea will resolve all outstanding charges related to defendant in the Southern District of Florida known to the United States at the time the plea is entered so long as defendant complies with paragraph 6 of this plea agreement. Defendant also agrees, as a condition of the acceptance of his plea of guilty and in compliance with this agreement, that he will resign and surrender his licenses to practice law in any state in which he is currently licensed, with a letter confirming said surrender and shall not seek reinstatement of his license to be an attorney in any jurisdiction before the completion of his sentence, including any term of supervised release, on or before the date defendant enters his plea of guilty in this matter.

2.      The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").   The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered.   The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.   The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to

2

*United States v. Timothy P. McCabe*
*Case No. 13-80153-CR-RYSKAMP/HOPKINS*
*Plea Agreement*

tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

      3.     The United States and the defendant agree that the relevant conduct, as defined by Federal Sentencing Guidelines Sections 1B1.3 and 2B1.1(b)(1)(J) shall be calculated at a loss of more than $2,500,000 and, including relevant conduct, as that term is defined by Sentencing Guideline Section 1B1.3, may be more than $7,000,000, which shall be determined at the time sentence is imposed. The parties agree that the court shall apply 2B1.1(b)(2)(A), that is that there were more than 10 victims and less than 250 victims of the scheme to defraud, which shall be determined at the time sentence is imposed. The parties agree that the court shall apply 2B1.1(b)(15)(A), that is that there was more than $1,000,000 in gross receipts from one or more financial institutions involved in the scheme to defraud. The parties also agree that the United States will not seek to have the court apply Federal Sentencing Guidelines Section 3B1.1, that is an aggravating role adjustment.   The parties agree that defendant abused a position of trust as that term is defined by Sentencing Guidelines Section 3B1.3 in that defendant used a special skill and/or was in a fiduciary position during the commission of these crimes.

3

4.     The defendant agrees that he shall cooperate fully with this Office by:

(a)     providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office in interviews; and

(b)     appearing at such grand jury proceedings, hearings and trials, and other judicial proceedings, and at meetings, as may be required by this Office.

5.     The government reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the court at the time of sentencing.     If in the sole and unreviewable judgment of the government the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the court's downward departure from the sentence required by the Sentencing Guidelines, the government may at or before sentencing make a motion pursuant to Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. §3553(e), or a Rule 35 motion subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending sentence reduction.     The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require the government to file such a motion and that the government's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding on the defendant.   In addition, the defendant understands that the United States will not file such a motion if the defendant: (1) fails or refuses to make full accurate and complete disclosure of all

4

*United States v. Timothy P. McCabe*
*Case No. 13-80153-CR-RYSKAMP/HOPKINS*
*Plea Agreement*

criminal activity about which the defendant is questioned; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, making false statements or misrepresentations to any governmental entity or official, or refusing to comply with any court order.

6.      The defendant understands and acknowledges that the court is under no obligation to grant a government motion pursuant to Title 18, United States Code, Section 3553(e), 5K1.1 of the Sentencing Guidelines, or Rule 35 of the Federal Rules of Criminal Procedure, as referred to in paragraph 5 of this agreement, should the government exercise its discretion to file such a motion.

7.      The Office of the United States Attorney for the Southern District of Florida reserves the right to make a recommendation as to the quality and quantity of punishment and reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the defendant and his background.

8.      The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the

5

*United States v. Timothy P. McCabe*
*Case No. 13-80153-CR-RYSKAMP/HOPKINS*
*Plea Agreement*

government will make a motion requesting an additional one level decrease pursuant to
Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted
authorities in the investigation or prosecution of his own misconduct by timely notifying
authorities of his intention to enter a plea of guilty, thereby permitting the government to
avoid preparing for trial and permitting the government and the court to allocate their
resources efficiently. The United States further agrees to recommend that the defendant
be sentenced at the low end of the guideline range, as that range is determined by the
court. The United States, however, will not be required to make these motions and
recommendations if the defendant: (1) fails or refuses to make a full, accurate and
complete disclosure to the probation office of the circumstances surrounding the relevant
offense conduct; (2) is found to have misrepresented facts to the government prior to
entering into this plea agreement; or (3) commits any misconduct after entering into this
plea agreement, including but not limited to committing a state or federal offense,
violating any term of release, or making false statements or misrepresentations to any
governmental entity or official.

　　　　9.　　　The United States and the defendant understand and agree that the court
may impose any sentence authorized by law and that the defendant may not withdraw his
plea solely as a result of sentence imposed. The defendant also understands and
acknowledges that the court may impose a statutory maximum term of imprisonment of
up to 30 years imprisonment and up to 5 years of supervised release as to each count of
the information to which he is pleading guilty.   In addition to a term of imprisonment and

6

supervised release, the Court may impose a fine of up to $1,000,000 or twice the value of the loss or gain, whichever is greater, as to each count to which he is pleading guilty. The defendant also agrees that pursuant to Title 18, United States Code, Section 3663A(a)(1) and (3), he will pay restitution in the total amount   calculated at the time sentence is imposed and consistent with the claims in amounts no greater than noted on the attached spread sheet to each victim or to Old Republic National Title Insurance Company where the insurance company has compensated the victim by paying the unpaid mortgages, fees and seller's proceeds, as well as those individuals having been defrauded by defendant through a mortgage rescue scheme as identified on the attached spread sheet and those individual having been defrauded by defendant through a Ponzi or other fraud scheme as identified on the attached spread sheet.

10.    The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 9 of this agreement, a special assessment in the amount of $100 as to each count of conviction will be imposed on the defendant, for a total of $500.   The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

11.    The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.   Subject only to the express terms of any agreed-upon

*United States v. Timothy P. McCabe*
*Case No. 13-80153-CR-RYSKAMP/HOPKINS*
*Plea Agreement*

sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

12.     The defendant is aware that the sentence has not yet been determined by the court.  The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court.   The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety.   The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw the defendant's guilty plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation jointly made by both the defendant and the government.

### SENTENCING APPEAL WAIVER

13.   The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742, to appeal any sentence imposed, including any restitution

order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. §3742(b).   However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. The defendant understands that, although defendant will be sentenced in conformity with the Sentencing Guidelines, by this agreement defendant waives the right to appeal the sentence on the basis that the sentence is the result of an incorrect application of the Sentencing Guidelines.   By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney.   The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

*United States v. Timothy P. McCabe*
*Case No. 13-80153-CR-RYSKAMP/HOPKINS*
*Plea Agreement*

14.     This agreement and understanding between the United States and the defendant is the entire agreement between the United States and the defendant.   There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 10/10/2013     By: _____
ELLEN L. COHEN
ASSISTANT UNITED STATES ATTORNEY

Date: 10/v/13     _____
ROBERT S. GERSHMAN
ATTORNEY FOR DEFENDANT TIMOTHY P. McCABE

Date: 10/2/13     _____
TIMOTHY P. McCABE
DEFENDANT

10

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 13-80153-CR-RYSKAMP

UNITED STATES OF AMERICA,

**Plaintiff,**

v.

**TIMOTHY P. McCABE,**

**Defendant.**

_____/



## STIPULATED FACTUAL PROFFER IN SUPPORT OF THE GUILTY PLEA

The Office of the United States Attorney for the Southern District of Florida, the United States Department of Justice (the "government"), and defendant **TIMOTHY P. MCCABE** together with his counsel, stipulate that the following shall constitute the underlying factual basis for entry of a plea of guilty to the information in this case.  I, **TIMOTHY P. MCCABE,** hereby acknowledge the government could prove beyond a reasonable doubt, and admit my role in the following:

1.        **TIMOTHY P. MCCABE** was a lawyer and title agent and was appointed to close real estate transactions by various financial institutions, as that term is defined by Title 18, United States Code, Section 20.  McCabe was licensed by the state of Florida on September 26, 1990, as a lawyer and was eligible to conduct real estate closings since he was also appointed by Old Republic National Title Insurance Company as a title agent eligible to collect

premiums and issue title insurance on behalf of the company in the name of City Title LLC. City Title LLC was a company established by McCabe and others to act as a title agent, accept real estate moneys in an escrow account for real estate transactions, conduct real estate closings and disburse moneys as directed in the real estate transactions and memorialized on Housing and Urban Development Form 1s (HUD Form-1s). McCabe and City Title LLC were appointed by Old Republic National Title Insurance Company, as an agent eligible to issue title insurance policies at real estate closings on behalf of the company. McCABE's business was conducted in the Southern District of Florida, primarily at Lake Worth, Florida and other locations.

2.      During at least as early as August 2012 and continuing through April 2, 2013, McCABE stole money from his title company escrow account, held at SunTrust Bank, account XXXXXXXXX9238 to use for purposes other than required by the financial institutions for whom he was appointed as the title agent and to conduct real estate closings. During this time period McCABE conducted more than 20 closing transactions through City Title LLC from which he stole moneys from the title company escrow account. The thefts consisted of retaining moneys due to banks, sellers, taxing authorities and other claimants of the proceeds of the real estate transactions. McCABE obtained the moneys from financial institutions when he fraudulently promised the financial institutions he would close real estate transactions as the financial institutions directed which included making certain payments with the moneys obtained and filing mortgages and deeds in the public records of the counties where the property was located

2

to place the funding financial institutions in the first position as creditors secured by the properties the financial institution had granted a mortgage and money on. These thefts, based upon fraud, resulted in the following types of problems: mortgages being refinanced were not satisfied leaving the property owner's new mortgagor in a second position to the original refinanced mortgage and residences being subject to foreclose actions by the holders of unsatisfied prior mortgages; seller mortgages were not satisfied leaving the buyer mortgagor in second position and houses being foreclosed upon; property taxes were not paid resulting in counties levying on the properties; failure to pay sellers their proceeds upon conclusion of the real estate transactions; and failure to record deeds and mortgages as required to complete the real estate closings. The failure to make these payments were all contrary to the representations made upon the Housing and Urban Development Form 1s (HUDS-1s) completed for the transactions and provided to the financial institutions funding the new mortgages causing these financial institutions to be lulled into believing their closing instructions had been followed as McCabe had promised would occur.  The value of the losses attributable to McCABE's frauds on the financial institutions as a result of these actions in relationship to unsatisfied mortgage and other obligations is at least $3.6 million.    A complete listing of these losses incurred as a result of the fraudulent activities of McCABE is attached to this stipulation and made a part of the factual proffer in support of the plea.

3.       The investigating agents reviewed the records of the bank accounts McCABE used in his business and to commit the crimes, which included at least

3

one escrow account in the name of City Title LLC  and one escrow account in the name of McCabe's law firm held at TD Bank at account number XXX-XXX6358. Pursuant to his appointment as an agent on behalf of Old Republic, McCABE was required to follow the instructions of the financial institutions providing mortgage money when closing real estate transactions, including satisfying refinanced first mortgages, satisfying seller mortgages, paying property taxes and recording fees, and recording deeds, mortgages and promissory notes.

4.    During their investigation, the agents were told the following about the crime:

> McCABE did not satisfy mortgages which were refinanced by property owners, did not pay satisfy sellers' mortgages when property was purchased, did not pay sellers' proceeds at the conclusion of transactions, did not pay property taxes and recording fees, did not record deeds, mortgages and promissory notes, and utilized the money transferred to the City Title LLC escrow account for purposes other than satisfying the moneys due as indicated on the HUD-1s prepared for each of the transactions, that is he utilized the moneys for personal and business purposes other than as required by the various financial institutions.

After receiving this information, agents for Old Republic National Title Insurance Company and the Federal Bureau of Investigation conducted additional investigations which resulted in corroborating the information they had been provided.   The losses were determined by auditing the bank accounts utilized by McCABE to receive and distribute moneys from real estate closings and comparing the deposits and debits in those accounts to the files of real estate transactions closed by McCABE during the time period at issue.

5.    McCABE used the money he obtained by fraud for several activities. Included in these activities were the following: paying for overhead at his title company, law practice and other business activities (including a travel agency, a kickboxing footwear company and currency investments, paying employee salaries, paying personal expenses, and paying personal and business loans).

6.    The defendant agrees that the losses incurred by Old Republic National Title Insurance Company  and  other victims, as a result of his fraudulent activities, is approximately $3.6 million, and  the  amounts  owing  to the   victims are noted on the attached spread sheet.   In addition, defendant McCABE admits that the relevant conduct in this case includes defrauding clients in a mortgage rescue scheme in which McCABE promised to negotiate mortgage principle and interest reductions with financial institutions to avoid foreclosure suits on behalf of clients, which he did not do; that is McCabe admits that he obtained moneys from clients promising to conduct negotiations on behalf of these victims which was a material misstatement of fact.  McCABE also admits that he obtained moneys from other victims promising they were investing in businesses and would realize a return on their investment when in fact McCABE was engaged in a Ponzi scheme, that is that he admits he was obtaining money from victims promising they were investing in one or more companies or investment schemes when in truth he was utilizing newly acquired victim moneys to pay older investing victims and the money was not invested and receiving returns as promised.  This additional relevant conduct (as that term is defined by Sentencing Guidelines Section 1B1.3) resulted in additional losses to victims in

5

the amount of approximately $3.5 million, as noted on the attached spread sheet, which amount shall be proven at the time sentence is imposed in this case.

7.  I, **TIMOTHY P. MCCABE**, admit that at least as early as from on or about August  2012, the exact date being unknown, and continuing through on or about April 2, 2013, in Palm Beach County, in the Southern District of Florida, and elsewhere, I did knowingly and with intent to defraud, execute, and cause the execution of a scheme and artifice to defraud one or more financial institutions, including Waterstone Mortgage Corporation, Coldwell Banker Home Loans, Quicken Loans Inc. and IBM Southeast Employees Federal Credit Union Association which scheme and artifice employed one or more  material falsehoods, and did knowingly execute and cause the execution of a scheme and artifice to obtain any of the monies and funds owned by, and under the custody and control of, one or more said financial institutions, by means of false and fraudulent pretenses, representations, and promises relating to a material fact, in violation of Title 18, United States Code, Sections 1344(1), 1344(2) and 2.

8.  I, **TIMOTHY P. MCCABE**, committed the crimes of fraud on financial institutions by, among other things, making false and fraudulent representations to one or more financial institutions concerning the disbursement of mortgage monies entrusted to my title company in order to fraudulently obtain and use for my benefit the monies.  In other words, I told the financial institutions that the monies entrusted to me to conduct the closings would be and was distributed to pay off sellers' mortgages, refinanced mortgaged, property taxes, monies due to sellers, and other items, all of which are noted on the attached spread sheet

6

made a part of this plea, when in fact such payments were not going to be made, were not made and instead the monies were retained by me and used for other purposes other than those promised to the financial institutions.

9.      I, **TIMOTHY P. MCCABE,** am entering a plea of guilty to all of the charges in the information, that is fraud as found at counts one through five, all in violation of Title 18, United States Code, Section 1344.      I understand that the elements of this offense are:

> First:      the Defendant carried out or attempted to carry out a scheme to defraud a financial institution by using false or fraudulent pretenses, representations, or promises about a material fact;

> Second:      the false or fraudulent pretenses, representations, or promises were material;

> Third:      the Defendant intended to defraud the financial institution; and

> Fourth:      the financial institution was federally insured or was a mortgage lending business, as defined by Title 18, United States Code, Section 20.

10.      I, **TIMOTHY P. MCCABE,** admit that the statements contained in this proffer are true and correct and I agree that the United States can use them for any purpose, whether I plead guilty or not, including as evidence in a case-in-chief against me in any trial.      I specifically waive any rights I may otherwise have under Federal Rule of Evidence 410 and Rule 11 of the Federal Rules of Criminal Procedure.      I further acknowledge that I have reviewed this statement and the rights I am waiving with my attorney, Robert S. Gershman, Esq., and am satisfied with the representation of my attorney in this matter.

*United States v. McCabe*
*Case no. 13-80153-CR-RYSKAMP/HOPKINS*
*Factual Proffer*

11.     I, **TIMOTHY P. MCCABE**, am pleading guilty to Counts 1 through 5 of

the information in case number **13-8015** because I am in fact guilty of the

charges.

Date: _10/2/13_          By: _____ +
                              TIMOTHY P. McCABE
                              DEFENDANT


Date: _10/2/13_          By: _____
                              ROBERT S. GERSHMAN
                              ATTORNEY FOR TIMOTHY P. McCABE


ACCEPTED:


                              WIFREDO A. FERRER
                              UNITED STATES ATTORNEY


Date: _10/10/2013_       By: _____
                              ELLEN L. COHEN
                              ASSISTANT UNITED STATES ATTORNEY


8